# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES HANCOCK,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>A. LEONG, et al.,<br><br>　　　　Defendants. | Case No.: 1:13-cv-00325-SAB (PC)<br><br>ORDER GRANTING DEFENDANTS' MOTION TO MODIFY DISCOVERY AND SCHEDULING ORDER AND VACATING HEARING DATE OF APRIL 15, 2015<br><br>[ECF No. 29] |

Plaintiff James Hancock is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

On March 10, 2015, Defendants filed a motion to modify the discovery and scheduling order. (ECF No. 29.) Pursuant to the Court's August 4, 2014, discovery and scheduling order, the discovery deadline is April 3, 2015, and the dispositive motion deadline is June 15, 2015. (ECF No. 20.) Defendants request the discovery and scheduling order be modified to extend the discovery deadline by thirty days and the deadline to file dispositive motion deadline by sixty days, in light of the fact that Plaintiff was previously granted an extension to April 1, 2015 (ECF No. 28), to file responses to Defendants' discovery requests and the fact counsel was recently assigned to the case.

Under Rule 16 of the Federal Rules of Civil Procedure, a discovery and scheduling order controls the course of litigation unless the Court subsequently alters the original order. Fed R. Civ. P. 16(d). Modification of a scheduling order requires a showing of good cause, Fed. R. Civ. P. 16(b), and good cause requires a showing of due diligence, Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). To establish good cause, the party seeking the modification of a scheduling order must generally show that even with the exercise of due diligence, they cannot meet the

1

requirement of that order. Id.  The court may also consider the prejudice to the party opposing the modification. Id.  If the party seeking to amend the scheduling order fails to show due diligence the inquiry should end and the court should not grant the motion to modify.  <u>Zivkovic v. Southern California Edison, Co.</u>, 302 F.3d 1080, 1087 (9th Cir. 2002).  A party may obtain relief from the court's deadline date for discovery by demonstrating good cause for allowing further discovery.  Fed. R. Civ. P. 16(b)(4).

 "Good cause may be found to exist where the moving party shows that it diligently assisted the court with creating a workable scheduling order, that it is unable to comply with the scheduling order's deadlines due to matters that could not have reasonably bee foreseen at the time of the issuance of the scheduling order, and that it was diligent in seeking an amendment once it became apparent that the party could not comply with the scheduling order."  <u>Kuschner Nationwide Credit, Inc.</u>, 256 F.R.D. 684, 687 (E.D. Cal. 2009).

Good cause having been presented to the Court,

IT IS HEREBY ORDERED that:

1. Defendants' motion to modify the discovery and scheduling order is GRANTED, and the discovery deadline is extended to and including **May 3, 2015**, and the dispositive motion deadline is extended to and including **August 14, 2015**.  All other provisions of the Court's August 4, 2014, discovery and scheduling order remain in full force and effect; and

2. The April 15, 2015, hearing date is VACATED as unnecessary.

IT IS SO ORDERED.

Dated:   **March 12, 2015**

_____
UNITED STATES MAGISTRATE JUDGE

2