UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES HANCOCK,<br><br>    Plaintiff,<br><br>    v.<br><br>A. LEONG, et al.,<br><br>    Defendants. | Case No.: 1:13-cv-00325-SAB (PC)<br><br>ORDER GRANTING DEFENDANTS REQUEST TO MODIFY THE DISCOVERY AND SCHEDULING ORDER AND GRANTING DEFENDANTS ABILITY TO SUBMIT PROOF OF PLAINTIFF'S FAILURE TO RESIDE AT ADDRESS OF RECORD<br><br>[ECF No. 31] |

    Plaintiff James Hancock is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

    On March 25, 2015, Defendants filed a motion to modify the discovery and scheduling order and request that Plaintiff provide an up to date address within fourteen days. (ECF No. 31.) Under the present discovery and scheduling order, the discovery deadline is currently set for May 3, 2015, and the dispositive motion deadline is August 14, 2015. (ECF No. 30.)

    In the instant motion, Defendants submit that they have recently been made aware that Plaintiff is not residing, nor has he resided, at the address provided to the Court since his release from prison. As a result, Defendants request that the discovery and scheduling order be modified to extend the discovery deadline thirty days, and the deadline to file a dispositive motion by sixty days, to allow Plaintiff time to update the Court with his actual address.

# I.

# DISCUSSION

Modification of the pretrial scheduling order requires a showing of good cause. Fed. R. Civ. P. 16(b)(4). "The schedule may be modified 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" Zivkovic v. Southern California Edison Co., 302 F.3d 1080, 1087 (9th Cir. 2002) (quoting Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 607 (9th Cir. 1992)). In considering whether a party moving for a schedule modification has shown good cause, the Court primarily focuses on the diligence of the party seeking the modification. Johnson v. Mammoth Recreations, Inc., 975 F.2d at 609.

Pursuant to Local Rule 182(f), Plaintiff is required to notify the Clerk and all other parties of any change of address or telephone number. Absent such notice, service of documents at the prior address of the party shall be effective.

Defendants' counsel, Deputy Attorney General Andrea Sloan, submits that she has been diligent in moving this matter toward disposition, and on or about March 9, 2015, Defendants served Requests for Interrogatories and a Deposition Notice on Plaintiff. (ECF No. 31-1, Decl. of Andrea Sloan ¶ 4.) However, on March 18, 2015, Barbara Sumpter, Plaintiff's aunt, called Defendants' counsel. (Decl. of Andrea Sloan ¶ 6.) Ms. Sumpter informed Defendants' counsel that she is Plaintiff's aunt, has not spoken to or seen Plaintiff since his release from prison, and she has been receiving court documents at her home address for Plaintiff but has no way of contacting him to inform him of the documents. (Id. ¶¶ 6-9.) Ms. Sumpter further stated that Plaintiff has not checked in with her since being released to inquire about the receipt of any documents at her address. (Id. ¶ 10.) Ms. Sumpter further stated that Plaintiff is not living with her and has not lived with her since his release from prison. (Id.) Defendants' counsel subsequently contacted Plaintiff's probation officer, Kenneth Marshall, who informed counsel that Plaintiff's location is presently unknown. (Decl. of Andrea Sloan ¶¶ 11-12.) Counsel submits that the inability to locate and serve Plaintiff with case related documents hinders Defendants' ability to defend this case.

Upon the basis of good cause, the Court will extend the discovery and scheduling order in an attempt to ascertain Plaintiff's present location for purposes of litigating this action. However, to date,

the Court has not received any returned mail from the most recent address of record provided by Plaintiff. Without sufficient information and evidence, the Court cannot make a ruling as to Plaintiff's present address and failure to provide a change of address. In the interest of justice, the Court will grant Defendants' request to submit evidence pertaining to Plaintiff's lack of residency at the address of record.

Based on the foregoing, it is HEREBY ORDERED that:

1. Defendants request to modify the discovery and scheduling order is GRANTED, the discovery deadline is extended to and including **June 2, 2015**, and the dispositive motion deadline is extended to and including **October 13, 2015**; and

2. Within **thirty (30)** days from the date of service of this order, Defendants may submit evidence as to Plaintiff's lack of residence at the address of record.

IT IS SO ORDERED.

Dated:   **March 27, 2015**

UNITED STATES MAGISTRATE JUDGE

3