UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES HANCOCK,<br><br>           Plaintiff,<br><br>      v.<br><br>A. LEONG, et al.,<br><br>           Defendants. | Case No.: 1:13-cv-00325-LJO-SAB (PC)<br><br>ORDER FOR PLAINTIFF TO SHOW CAUSE WHY ACTION SHOULD NOT BE DISMISSED FOR FAILURE TO UPDATE ADDRESS OF RECORD AND PROSECUTE THIS ACTION<br><br>[ECF No. 33] |

Plaintiff James Hancock is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

On March 2, 2015, Plaintiff provided the Court with a new address, subsequent to his release from prison on January 31, 2015.  (ECF Nos. 23, 27.)

On March 25, 2015, Defendants filed a motion to modify the discovery and scheduling order and request that Plaintiff provide an up to date address within fourteen days.  (ECF No. 31.)  In that motion, Defendants submitted that they had recently been made aware that Plaintiff is not residing, nor has he resided, at the address provided to the Court since his release from prison.  As a result, Defendants' requested that the discovery and scheduling order be modified to extend the discovery deadline thirty days, and the deadline to file a dispositive motion by sixty days, to allow Plaintiff time to update the Court with his actual address.

1

On March 30, 2015, the Court granted Defendants' request to extend the discovery and scheduling order, and granted Defendants thirty days to submit evidence as to Plaintiff's lack of residence at the address of record. (ECF No. 32.)

On April 23, 2015, Defendants filed a response to the March 30, 2015, order regarding Plaintiff's address of record. (ECF No. 33.) Defendants submit that they have been diligent in attempting to move this matter forward. On or about March 9, 2015, Defendants served Requests for Interrogatories and a Deposition Notice. (Sloan Decl. ¶ 3.) However, on March 18, 2015, Barbara Sumpter, Plaintiff's aunt, called Defendants' counsel. (Id. ¶ 5.) Ms. Sumpter informed Defendants' counsel that she is Plaintiff's aunt, has not spoken to or seen Plaintiff since his release from prison, and she has been receiving court documents at her home address for Plaintiff but has no way of contacting him to inform him of the documents. (Id. ¶¶ 5-8.) Ms. Sumpter further stated that Plaintiff has not checked in with her since being released to inquire about the receipt of any documents at her address and Plaintiff was not living with her and had not lived with her since his release from prison. (Id. ¶¶ 7, 9.) Defendants' counsel subsequently contacted Plaintiff's probation officer, Kenneth Marshall, who informed counsel that Plaintiff's location is presently unknown. (Id. ¶ 10-11.) Counsel submits that the inability to locate and serve Plaintiff with case related documents hinders Defendants' ability to defend this case.

On March 25, 2015, defense counsel served Plaintiff at his address of record with Defendants' motion to modify the discovery and scheduling order and require Plaintiff to provide an address. (Sloan Decl. ¶ 12.) On April 16, 2015, defense counsel received the documents back. (Id. ¶ 14.) It was written on the envelope, "Return to Sender No Such Person at the Address." (Id. ¶ 15; Ex. A.) Defendants submit that they now have no way of contacting Plaintiff for any communication or service of documents. (Id. ¶ 21.) Plaintiff's responses to Defendants' discovery request are presently past due. (Id. ¶ 17.) Indeed, on April 16, 2015, the Court's March 30, 2015, order granting Defendants' motion to modify the discovery and scheduling order was returned to the Court as undeliverable.

Local Rules 182(f) and 183(b) require pro se litigants to inform the Court of their addresses and to keep the Court informed of any change of their addresses. Plaintiff was informed of these rules

in the Court's information order of March 8, 2013, and forewarned that his case would be dismissed if he failed to update his address. (ECF No. 3) Plaintiff was also notified that documents served at his address of record would be deemed received even if not actually received. (Id.) Federal Rule of Civil Procedure 41(b) also provides for dismissal of an action for failure to prosecute.[1] In light of Plaintiff's failure to keep the Court appraised of his present address of record which has impeded the expeditious resolution of this case, Plaintiff shall be ordered to show cause why the action should not be dismissed.

Based on the foregoing, it is HEREBY ORDERED that:

1. Within thirty days from the date of service of this order, Plaintiff shall show cause why the action should not be dismissed for failure to update his address of record and failure to prosecute this action; and
2. The failure to comply with this order will result in dismissal of the action. Local Rule 110.

IT IS SO ORDERED.

Dated:   **April 24, 2015**

UNITED STATES MAGISTRATE JUDGE

---

[1] Courts may dismiss actions sua sponte under Rule 41(b) based on the plaintiff's failure to prosecute. Hells Canyon Preservation Council v. U. S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (citation omitted).