1

2

3

4

5

6

7

8 **UNITED STATES DISTRICT COURT**

9 **EASTERN DISTRICT OF CALIFORNIA**

10

| | |
|---|---|
| 11 JAMES HANCOCK, | ) Case No.: 1:13-cv-00325-LJO-SAB (PC) |
| 12        Plaintiff, | ) |
| 13    v. | ) FINDINGS AND RECOMMENDATION RECOMMENDING DISMISSAL OF ACTION FOR FAILURE TO PROSECUTE |
| 14 A. LEONG, et al., | ) |
| 15        Defendants. | ) [ECF No. 35] |
| 16 | ) |

17       Plaintiff James Hancock is appearing pro se and in forma pauperis in this civil rights action

18 pursuant to 42 U.S.C. § 1983.

19       On April 24, 2015, the Court issued an order to show cause within thirty days as to why the

20 action should not be dismissed for failure to update his address of record and failure to prosecute this

21 action.  (ECF No. 35.)  The thirty day time period has expired and Plaintiff has failed to respond to the

22 Court's order.

23       "In determining whether to dismiss an action for lack of prosecution, the district court is

24 required to consider several factors: (1) the public's interest in expeditious resolution of litigation; (2)

25 the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy

26 favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions."  Carey

27 v. King, 856 F.2d 1439, 1440 (9th Cir. 1988) (internal quotation marks and citation omitted); accord

28 Omstead v. Dell, Inc., 594 F.3d 1081, 1084 (9th Cir. 2010); In re Phenylpropanolamine (PPA)

1

Products Liability Litigation, 460 F.3d 1217, 1226 (9th Cir. 2006).  These factors guide a court in deciding what to do, and are not conditions that must be met in order for a court to take action.  In re PPA, 460 F.3d at 1226 (citation omitted).

This case has been pending since 2013, and the expeditious resolution of litigation and the Court's need to manage its docket weigh in favor of dismissal.  Id. at 1227.  Further, the opposing party is necessarily prejudiced when he is unaware of the plaintiff's location during the discovery phase of the litigation.  Id.

With respect to the fourth factor, "public policy favoring disposition of cases on their  merits strongly counsels against dismissal," but "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction."  Id. at 1228.

Finally, given the Court's and Defendant's inability to communicate with Plaintiff, there are no other reasonable alternatives available to address Plaintiff's failure to prosecute.  In re PPA, 460 F.3d at 1228-29; Carey, 856 F.2d at 1441.

Accordingly, the Court HEREBY RECOMMENDS DISMISSAL of this action, without prejudice, based on Plaintiff's failure to prosecute.  Fed. R. Civ. P. 41(b); Local Rule 183(b).

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with these Findings and Recommendation, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **June 2, 2015**

UNITED STATES MAGISTRATE JUDGE

2